IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ALVIN GAMAR STANLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN DANFORTH, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 5:22-cv-33 |

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction, Plaintiff's Motion to Amend, and Plaintiff's Motion for Magistrate Judge Cheesbro to Call Magistrate Judge Weigle. Docs. 12, 15, 16. For the following reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction. Doc. 12. I **GRANT** Plaintiff's Motion to Amend, doc. 15, and I **DENY** Plaintiff's Motion to Call Magistrate Judge Weigle, doc. 16.

Further, the Court **ORDERS** Plaintiff to file a second Amended Complaint within **14 days** of this Order. **Failure to comply with this Order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the District Judge the case be dismissed without further notice for failure to prosecute and failure to follow a Court Order.**

I. **Plaintiff's Motion for Preliminary Injunction**

Plaintiff requests a preliminary injunction ordering the following relief:

1. Plaintiff asks "to be sent to a non-Georgia Dept. of Corrections heart specialist." Doc. 12 at 2.   He asks "to be transported by van with all expenses paid by the Defendants."

2. Plaintiff wants "to have the Defendants talk to the head gangster disciple at their compound to call off the hit that Coffee correctional administrative officials ordered."

3. Plaintiff asks Defendants pay for an investigator and a lawyer to assist him with access to a cardiologist and help assist him with his legal claims.

Plaintiff's Motion for Preliminary Injunction is due to be denied.   "The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief" even when "there is no assurance that he will not be returned to the jail." McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984); see also Robbins v. Robertson, 782 F. App'x 794, 800 (11th Cir. 2019) (noting "an injunction directing his former prison officials to provide Plaintiff with a particular diet would provide Plaintiff with no relief.").

Here, an injunction directing Defendants at Coffee Correctional Facility to provide relief would serve no purpose, as Plaintiff is no longer housed at their facility.   Plaintiff's Motion shows he is incarcerated at Riverbend Correctional Facility in Milledgeville, Georgia.   Doc. 12 at 3.   However, the allegations and claims in Plaintiff's Amended Complaint arise from his incarceration at Coffee Correctional Facility in Nicholls, Georgia.   Doc. 11.   All of the Defendants are officials at Coffee Correctional Facility.   Id. at 2–4.   "Plaintiff has no standing to seek an injunction directed a Defendants who work at [Plaintiff's former place of incarceration], as Plaintiff is no longer housed at their facility."   Raby v. Adams, No. 6:19-CV-77, 2020 WL 8172707, at *3 (S.D. Ga. Dec. 22, 2020), *report and recommendation adopted*, 2021 WL 134621 (S.D. Ga. Jan. 13, 2021) (citing O'Shea v. Littleton, 414 U.S. 488, 495

2

(1974)).  Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction, doc. 12.

II.     **Plaintiff's Motion to Amend**

Plaintiff filed a Motion to Amend, along with a related "Notice for Witness to Be Removed from Witness List."  Docs. 14, 15.  Plaintiff asks the Court to delete someone he named as a witness in his Amended Complaint.  Plaintiff explains he has been threatened for naming the witness in his pleadings.  Doc. 14.

Although Plaintiff is only requesting leave to amend his Amended Complaint for this one limited purpose, it is clear Plaintiff's Amended Complaint suffers from other defects and must be amended.  For example, Plaintiff fails to adequately state what each Defendant did, or did not do, in support of each claim.  It is impossible to discern which factual allegations support which claims and whether the various factual allegations are linked to particular Defendants or claims.  Plaintiff's factual allegations are made in a lengthy narrative that is difficult to follow and weaves in allegations about medical concerns, threats from other inmates, problems with prison mail, other federal cases, and issues with family visits.  Plaintiff's factual allegations are not simply and concisely stated, as required by the Federal Rules of Civil Procedure.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Amend and also **ORDERS** Plaintiff to file a Second Amended Complaint within **14 days** of this Order.

Plaintiff's Second Amended Complaint should contain a "short and plain statement" of the plaintiff's claims, and each allegation in the complaint should be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, the Second Amended Complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

The Second Amended Complaint must comply with the following directions.  **The Court advises Plaintiff to read and follow these directions carefully:**

(1) The Second Amended Complaint must be clearly labelled "Second Amended Complaint" and place the civil action number of this case on the first page of the form.

(2) The Second Amended Complaint must be on the Court-approved civil rights complaint form to be used by prisoners in actions arising under 42 U.S.C. § 1983.[1]

(3) No more than 10 pages may be attached to the form (this includes written allegations and attachments).

(4) The Second Amended Complaint must be legible with writing on only one side of each page.

(5) Each intended defendant must be identified by name or by sufficient details to describe the individual.

(6) The Second Amended Complaint should include only factual allegations concerning events where the rights of Plaintiff were violated or Plaintiff was injured, including the date and location of each alleged violation.

(7) The Second Amended Complaint must describe each alleged violation and identify each defendant responsible for each alleged violation.

(8) The Second Amended Complaint should not contain legal argument or conclusions.

Once filed, Plaintiff's Second Amended Complaint will supersede and replace his original Complaint and first Amended Complaint.  Therefore, Plaintiff's Second Amended Complaint **must not** refer back to the previous Complaints or any of their attachments and **must**

---

[1] The Court **DIRECTS** the Clerk of Court to send the appropriate 42 U.S.C. § 1983 complaint form and a copy of this Order to Plaintiff.

**not** incorporate any part of the previous Complaints by reference. Claims made against particular defendants in Plaintiff's original Complaint and first Amended Complaint are not preserved unless they are also expressly set forth in the Second Amended Complaint.

**Failure to comply with this Order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the District Judge the case be dismissed without further notice for failure to prosecute and failure to follow a Court order.**

### III. Plaintiff's Motion for Judge Cheesbro to Call Judge Weigle

Plaintiff asks the undersigned to call Magistrate Judge Charles Weigle of the Middle District of Georgia about a case Plaintiff filed in that court. Doc. 16. Plaintiff explains he filed a complaint in the Middle District of Georgia "concerning mailroom tampering of Plaintiff's legal mail making the Plaintiff not to be able to correspond with Magistrate Judge Benjamin Cheesbro." Id. at 1. Plaintiff is concerned this case has been dismissed because he has not yet received rulings on his motions and because no money has been taken from his trust account for this case. Id. Plaintiff asks the undersigned to "please call Magistrate Judge Weigle . . . to verify that I'm experiencing trouble communicating with the courts along with forma pauperis money being sent to the courts." Id. at 2.

The Court **DENIES** Plaintiff's Motion. It appears the Court has received all of Plaintiff's filings in this case. The Court received Plaintiff's consent to collection of fees from trust account and prisoner trust account statement on September 2, 2022. Docs. 9, 10. There is no reason for the undersigned to call another judge about Plaintiff's claims in another lawsuit,

even if those claims include allegations about Plaintiff's mail to this Court.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 15th day of March, 2023.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6